IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KELLY J. DASHER,                                    09-CV-6139-BR

            Plaintiff,

                                           OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

            Defendant.


BRENDA S. MOSELEY
320 Central Avenue, Suite 422
Coos Bay, OR 97420
(541)266-0436

            Attorney for Plaintiff


1  -  OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**KATHRYN ANN MILLER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2240

              Attorneys for Defendant

**BROWN, Judge.**

        Plaintiff Kelly J. Dasher seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's protective application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act respectively.  This Court has jurisdiction to review the Commissioner's decision pursuant to  42 U.S.C. § 405(g).

        For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

2    -   OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff filed applications for DIB and SSI on December 28, 2006.[1]  Tr. 98-114.[2]  Her application was denied initially and on reconsideration.  Tr. 65-68,74-77, 80-85.  An Administrative Law Judge (ALJ) held a hearing on August 22, 2008.  Tr. 23.  At the hearing, Plaintiff and a vocational expert (VE) testified. Tr. 23-64.  Plaintiff was represented by an attorney.  Tr. 23.

On September 10, 2008, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 13-22.  On March 13, 2009, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-4.

## BACKGROUND

Plaintiff was 42 years old at the time of the hearing before the ALJ.  Tr. 26.  She completed her education through the twelfth grade.  Tr. 26.  Plaintiff has performed past work as a truck driver, store laborer, sales clerk, front-end loader operator, cashier, machine packager, and warehouse order checker. Tr. 27-33, 54-55, 126-44.  Plaintiff alleges a disability onset date of January 1, 2002.  Tr. 100, 108.

---

[1] The record also contains evidence that Plaintiff filed her applications for DIB and SSI on December 18, 2006.  Tr. 65-66.

[2] Citations to the official transcript of record filed by the Commissioner on February 18, 2010, are referred to as "Tr."

3   -  OPINION AND ORDER

Plaintiff has been diagnosed with bilateral carpal tunnel syndrome, bilateral epicondylitis, plantar fasciitis, bilateral tendonitis, degenerative joint disease of the left knee, obesity, chronic joint pain, and depression. Tr. 242, 251, 255, 269, 271, 274, 276, 278, 288-89. Plaintiff alleges disability due to heel pain; bilateral carpal tunnel and tendinitis; swelling and pain in her wrists, hands, elbows, knees, and ankles, which limits her ability to reach, grasp, squat, lift, stand, walk, and sit; and emotional difficulties due to depression. Tr. 37-53, 146, 159-60, 162, 179-81, 209, 212.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 20-22.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of

4   -   OPINION AND ORDER

developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility and for resolving conflicts and ambiguities in the medical evidence. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins,* 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

5   -   OPINION AND ORDER

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart

6   -   OPINION AND ORDER

P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in

the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20

C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden

shifts to the Commissioner to show a significant number of

jobs exist in the national economy that the claimant can perform.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The

Commissioner may satisfy this burden through the testimony of a

VE or by reference to the Medical-Vocational Guidelines set forth

in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.

If the Commissioner meets this burden, the claimant is not

disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).


## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff has not engaged in

substantial gainful activity since her alleged onset date of

January 1, 2002.  Tr. 15.

At Step Two, the ALJ found Plaintiff has the severe

impairments of "degenerative joint disease of the left knee,

mild; lateral epicondylitis, mild; obesity (62 inches and 236

pounds); and depression, mild."  Tr. 15-16.

At Step Three, the ALJ found Plaintiff has the RFC "to

perform medium-exertion work as defined in 20 C.F.R. 404.1567(c)

and 416.967(c) except that there are nonexertional limits which

include intermittent public contact and no complex jobs; she is

limited to one to three step tasks; and entry level SVP3 work is

appropriate."  Tr. 16.

At Step Four, the ALJ concluded Plaintiff is able to perform past relevant work as a laborer, front-end loader operator, checker, and machine packager.  Tr. 20-21.

At Step Five, the ALJ also concluded Plaintiff can perform jobs that exist in significant numbers in the national economy, including seedling sorter, agricultural sorter of produce, and assembler of small products.  Tr. 21-22.

Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 22.


### **DISCUSSION**

Plaintiff contends the ALJ erred by (1) failing at Step Two to consider all of Plaintiff's impairments including plantar fasciitis, carpal tunnel syndrome, and the impact of her obesity in combination with her other impairments and (2) concluding at Step Four that Plaintiff is capable of performing her past relevant work as a laborer, front-end loader operator, checker, and machine packager.

**I.    Plaintiff's Impairments.**

Plaintiff contends the ALJ erred at Step Two by failing to consider her plantar fasciitis, carpal tunnel syndrome, and the impact of her obesity in combination with her other impairments.

A severe impairment "significantly limits" a claimant's

9    -  OPINION AND ORDER

"physical or mental ability to do basic work activities."

20 C.F.R. § 404.1521(a).  *See also Ukolov*, 420 F.3d at 1003.

The ability to do basic work activities is defined as "the

abilities and aptitudes necessary to do most jobs."  20 C.F.R.

§§ 404.1521(a), (b).  Such abilities and aptitudes include

walking, standing, sitting, lifting, pushing, pulling, reaching,

carrying, handling, seeing, hearing, speaking; understanding,

carrying out, and remembering simple instructions; using

judgment; responding appropriately to supervision, co-workers,

and usual work situations; and dealing with changes in a routine

work setting.  *Id.*

    The Step Two threshold is low:

> [A]n impairment can be considered as not
> severe only if it is a slight abnormality
> which has such a minimal effect on the
> individual that it would not be expected to
> interfere with the individual's ability to
> work . . . .  [T]he severity regulation is to
> do no more than allow the Secretary to deny
> benefits summarily to those applicants with
> impairments of a minimal nature which could
> never prevent a person from working.

SSR 85-28 at *2 (Nov. 30, 1984)(internal quotations omitted).

The Ninth Circuit describes Step Two as a "*de minimus* screening

device to dispose of groundless claims."  *Smolen*, 80 F.3d at

1290.  *See also Webb v. Barnhart*, 433 F.3d 683, 686-88 (9th Cir.

2005).  "Great care should be exercised in applying the not

severe impairment concept."  SSR 85-28 at *4.

**A.    Plantar Fasciitis.**

Plaintiff contends the ALJ erred "by failing to address" Plaintiff's plantar fasciitis.  Plaintiff was diagnosed with plantar fasciitis on two occasions by Nurse Practitioner Leann J. Willis.  Tr. 274, 277-78.  After Plaintiff complained about heel pain, N.P. Willis prescribed exercise and orthotic shoes to reduce Plaintiff's discomfort.  Tr.  274, 277-78.  N.P. Willis did not describe any limitations on Plaintiff's functioning due to plantar fasciitis.

The ALJ noted Plaintiff's allegations of heel pain from bone spurs and her alleged standing limitations.  Tr. 17, 20.  After summarizing the available medical records, the ALJ found Plaintiff's testimony and statements in the record were not credible with respect to the "intensity, persistence and limiting effects" of her symptoms.  Tr. 17-18, 20.  Plaintiff does not challenge the ALJ's credibility determination.

The ALJ also summarized and gave significant weight to the findings made by examining physician DeWayde C. Perry, M.D. Tr. 290-94.  Dr. Perry examined Plaintiff on one occasion and noted Plaintiff's complaints of heel pain from bone spurs. Tr. 290.  Based on his examination, Dr. Perry found Plaintiff had a "normal physical examination," other than her morbid obesity, and concluded Plaintiff did not have any functional limitations on her ability to work an eight-hour day.  Tr. 293.

Although Plaintiff asserts the ALJ failed "to address" Plaintiff's plantar fasciitis, the record reflects the ALJ, to the extent of the record before him, expressly considered Plaintiff's allegations of heel pain and her stated limitations resulting therefrom, found Plaintiff's allegations with respect to the intensity and persistence of her symptoms to be not credible, and relied on Dr. Perry's medical opinion to support his conclusions.  Tr. 17-20.

Plaintiff, however, points out that the ALJ did not consider the opinion of consulting physician William A. Bennett, M.D., in which he diagnosed Plaintiff with plantar fasciitis and chronic pain.  Tr. 296.  Dr. Bennett examined Plaintiff on September 9, 2008, the day before the ALJ issued his opinion in this matter. Tr. 22.  The Commissioner contends Plaintiff submitted this record when she sought reconsideration of the ALJ's decision with the Appeals Council.  In fact, the Appeals Council noted the receipt of Dr. Bennett's report with Plaintiff's request for review.  Tr. 4.  Thus, Dr. Bennett's opinion was not in the record that was before the ALJ.

The court may properly evaluate all of the evidence in the record, including new evidence submitted to the Appeals Council after the ALJ has issued his opinion.  *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993).  *See also* 20 C.F.R. § 404.970(b)(the Appeals Council shall consider new relevant evidence on review of

the ALJ's opinion).  Furthermore, under 42 U.S.C. § 405(g), the court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

The Court notes Plaintiff states she was able to obtain an examination by Dr. Bennett (as opposed to an examination from N.P. Willis at a clinic that offers inexpensive care) only because a friend paid for her consultation.  Plaintiff stated she has been unable to afford medical care because she has been unable to find work.  Tr. 35, 44, 289.  Dr. Bennett's assessment of Plaintiff's heel impairments includes a radiograph of Plaintiff's heels that reveals "infracalcaneal spurring." Tr. 296.  Of note, neither N.P. Willis nor Dr. Perry conducted any diagnostic testing, and the record does not otherwise contain any objective medical tests of Plaintiff's heel impairments. Tr. 274, 277-78, 290-94.

The Court concludes on this record that Dr. Bennett's opinion is material to the determination of the severity and limiting effect of Plaintiff's heel impairments, particularly in light of the limited medical record due to Plaintiff's inability to obtain care.  *See* 42 U.S.C. § 405(g).  Moreover, Plaintiff's inability to afford care on her own constitutes good cause for

not submitting the evidence to the ALJ in a timely fashion.  *See*
*id.*

The Ninth Circuit has held:

> While we properly may consider the additional
> evidence presented to the Appeals Council in
> determining whether the Commissioner's denial
> of benefits is supported by substantial
> evidence, it is another matter to hold on the
> basis of evidence that the ALJ has had no
> opportunity to evaluate that Appellant is
> entitled to benefits as a matter of law. The
> appropriate remedy in this situation is to
> remand this case to the ALJ; the ALJ may then
> consider, the Commissioner then may seek to
> rebut and the VE then may answer questions
> with respect to the additional evidence.

*Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).  The Court
concludes the ALJ did not err on the record before him because he
appropriately considered Plaintiff's heel impairments.  The ALJ,
however, did not have the opportunity to consider Dr. Bennett's
findings following his examination of Plaintiff.  In light of the
objective medical evidence contained in his report and the lack
thereof in the record, Dr. Bennett's opinion may affect the ALJ's
determination as to whether Plaintiff's heel impairments are
severe, as to Plaintiff's credibility with respect to her
complaints of pain, as to the ALJ's assessment of Plaintiff's
RFC, and as to his findings at Steps Four and Five.

**B.    Carpal Tunnel Syndrome.**

Plaintiff contends the ALJ also failed to consider her wrist
impairments.  Plaintiff was diagnosed with carpal tunnel syndrome

on multiple occasions by Plaintiff's Physical Therapist Tom
Zomerschoe; Disability Determination Services[3] physicians Mary
Ann Westfall, M.D., and Sharon B. Eder, M.D.; and N.P. Willis.
Tr. 231, 238, 247, 274, 278.

The ALJ noted Plaintiff's complaints of worsening pain in
her wrists and the functional limitations she suffered as a
result.  Tr. 17.  The ALJ, however, discredited Plaintiff's
testimony with respect to the pain and limiting effects of her
impairments and discredited the opinion of P.T. Zomerschoe.
Tr. 18.  Plaintiff does not challenge those conclusions by the
ALJ.

The ALJ also noted the conclusions of the DDS physicians
that Plaintiff has gripping and handling limitations due to her
wrist impairments.  Tr. 18-19, 238, 247, 250.  Ultimately,
however, the ALJ relied on the most recent examination of
Plaintiff by Dr. Perry to support his conclusion that Plaintiff
does not have limitations on the use of her wrists.  Tr. 20.  In
his twenty-minute examination, Dr. Perry tested Plaintiff's grip
strength, ability to manipulate objects, and repetitive use of
her hands and wrists.  He concluded Plaintiff was not limited in
the use of her wrists.  Tr. 292-93.

---

[3] Disability Determination Services (DDS) is a federally
funded state agency that makes eligibility determinations on
behalf and under the supervision of the Social Security
Administration pursuant to 42 U.S.C. § 421(a).

The Court concludes on this record that the ALJ did not err in considering Plaintiff's wrist impairments because the ALJ noted Plaintiff's complaints of pain and limited use of her wrists, summarized the relevant evidence in the record, and determined the evidence that was most persuasive in light of the record as a whole.  Tr. 17-20.

Nevertheless, the lack of objective testing of Plaintiff's wrists in this limited record and the brevity of the examination by Dr. Perry raises some concern that this record was insufficient to determine the existence, nature, and severity of Plaintiff's wrist impairments.  The Court notes the Commissioner bears the burden of developing the record.  *See Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).  When important medical evidence is incomplete, the ALJ has a duty to recontact the provider for clarification.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  *See also Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)(ALJ has a "special duty to fully and fairly develop the record" even when claimant is represented by an attorney).  When making disability determinations,

> [i]f the evidence is consistent but we do not
> have sufficient evidence to decide whether
> you are disabled, or if after weighing the
> evidence we decide we cannot reach a conclu-
> sion about whether you are disabled, we will
> try to obtain additional evidence . . . .  We
> will request additional existing records,
> recontact your treating sources or any other
> examining sources, ask you to undergo a
> consultative examination at our expense, or

16  -  OPINION AND ORDER

           ask you or others for more information.

20 C.F.R. § 404.1527(c)(3).

     The Court concludes the ALJ did not err on the record before

him because he appropriately considered Plaintiff's wrist

impairments.  The ALJ, however, bears the burden to develop the

record.  In light of the lack of objective medical evidence

contained in the record, additional objective testing of

Plaintiff's wrists may affect the ALJ's determination as to

whether Plaintiff's wrist impairments are severe, as to

Plaintiff's credibility with respect to her complaints of pain,

as to the ALJ's assessment of Plaintiff's RFC, and as to his

findings at Steps Four and Five.

     **C.   Obesity.**

     Plaintiff also contends the ALJ erred when he failed to

consider Plaintiff's obesity in combination with Plaintiff's

other impairments.  The Commissioner, in turn, contends the ALJ

properly accounted for Plaintiff's obesity.

     Social Security Regulations provide:

          Effects of obesity.  Obesity is a medically
          determinable impairment that is often
          associated with disturbance of the
          musculoskeletal system, and disturbance of
          this system can be a major cause of
          disability in individuals with obesity.  The
          combined effects of obesity with musculo-
          skeletal impairments can be greater than the
          effects of each of the impairments considered
          separately.  Therefore, when determining
          whether an individual with obesity has a
          listing-level impairment or combination of

17  -  OPINION AND ORDER

> impairments, and when assessing a claim at
> other steps of the sequential evaluation
> process, including when assessing an
> individual's residual functional capacity,
> adjudicators must consider any additional and
> cumulative effects of obesity.

20 C.F.R. pt. 404, subpt. P, app'x 1, listing 1.00(Q).  *See also*

SSR 02-1p at *4-5 ("[I]n the absence of evidence to the contrary

in the case record, we will accept a diagnosis of obesity given

by a treating source or by a consultative examiner. . . .  [W]e

will do an individualized assessment of the impact of obesity on

an individual's functioning when deciding whether the impairment

is severe.").

As noted, Plaintiff contends the ALJ did not consider

Plaintiff's obesity in combination with her other impairments.

The record reflects Plaintiff is morbidly obese and weighs as

much as 236 pounds at only 5'2".  Tr. 17-19, 269, 293.  The

record also reflects Plaintiff suffers from musculoskeletal

impairments such as degenerative joint disease, joint swelling,

and foot impairments that could be exacerbated by Plaintiff's

weight.

The ALJ, however, noted Plaintiff's diagnosis as morbidly

obese, found it to be a severe impairment, and cited Plaintiff's

weight in conjunction with her degenerative joint disease as a

basis for concluding Plaintiff is limited to medium-exertion

work.  Tr. 17-20.  Thus, on this record, the Court concludes the

ALJ did not err by failing to consider Plaintiff's obesity in

18  -  OPINION AND ORDER

combination with her other impairments.

## II.  Plaintiff's Past Relevant Work.

Plaintiff also contends the ALJ erred at Step Four when he concluded Plaintiff could perform her past relevant work. Plaintiff essentially argues the ALJ's alleged error at Step Two, could have affected the ALJ's determination of Plaintiff's RFC and of her ability to perform her past relevant work.  In light of the Court's decision below that a remand for further proceedings is necessary to permit the ALJ to further consider the evidence consistent with this Opinion and Order, the Court need not address Plaintiff's remaining arguments.

## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172,

1178 (9th Cir. 2000).  The court should grant an immediate award
of benefits when

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting such
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.*  The second and third prongs of the test often merge into a
single question:  Whether the ALJ would have to award benefits if
the case were remanded for further proceedings.  *Id.* at 1178 n.2.

On this record, the Court concludes further proceedings are
necessary.  As noted, the Ninth Circuit has held that though the
court cannot remand for an award of award benefits on the basis
new evidence submitted to the Appeals Council that the ALJ did
not consider, it is appropriate to remand for further proceedings
in such circumstances to allow the ALJ to consider additional
evidence.  *Id.* at 1180.  Here the Court finds the examination of
Plaintiff by Dr. Bennett is material to the determination of the
nature, severity, and limiting effects of Plaintiff's heel
impairments; offers diagnostic imaging of Plaintiff's heels that
does not exist elsewhere in the record; and has the potential on
this otherwise limited record to significantly affect the ALJ's
determination of the severity of Plaintiff's heel impairments at
Step Two, Plaintiff's credibility with respect to the pain and
limiting effects of her heel impairments, and Plaintiff's RFC.

20  -  OPINION AND ORDER

Accordingly, the Court remands this matter for further proceedings to allow the ALJ to consider Dr. Bennett's opinion. Moreover, in light of Plaintiff's limited ability to obtain medical care, the ALJ should also consider whether it is necessary to supplement this record to determine whether Plaintiff's wrist impairments are severe and, if so, to what extent they impair Plaintiff's ability to perform work-related functions.  Finally, to the extent the ALJ finds Plaintiff has additional severe musculo-skeletal impairments, the ALJ must "consider any additional and cumulative effects of obesity."  *See* 20 C.F.R. pt. 404, subpt. P, app'x 1, listing 1.00(Q).

<u>**CONCLUSION**</u>

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 29th day of November, 2010.


<u>    /s/ Anna J. Brown  </u>
ANNA J. BROWN
United States District

21  -  OPINION AND ORDER